UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William J. Amato,                                                    Case No. 3:26-cv-813

               Plaintiff,

      v.                                                              MEMORANDUM OPINION
                                        AND ORDER

City of Toledo, *et al.*,

               Defendants.

## I.    INTRODUCTION AND BACKGROUND

Plaintiff William J. Amato, proceeding *pro se*, filed this lawsuit against the City of Toledo, Ohio; Vallie Bowman-English; Judge Joshua W. Lanzinger; Unknown Court Security Officers/Bailiffs/Deputies 1-10; and Unknown Clerk, Administrative, and Prosecutorial Participants 1-10, arising out of indirect contempt proceedings initiated against Amato in the Toledo Municipal Court. (Doc. No. 1). Amato alleges these Defendants violated his constitutional rights when they initiated those proceedings in response to his participation in a video recording inside the Toledo Municipal Court, in violation of a Court rule. The recording occurred on January 13, 2026, (*see id.* at 3), and Amato was ordered to appear for a contempt hearing on March 26, 2026. (*Id.* at 3-4).

On April 27, 2026, Amato was at the Toledo Municipal Court taking a video with his cell phone of "publicly posted signage" when "Court Security Officer Jerry" and a Jane Doe court security officer told him to stop recording and then confiscated his cell phone. (Doc. No. 13 at 1-2). Amato also alleges he "was issued a trespass notice barring him from the courthouse except for mandatory court appearances." (*Id.* at 2). On the same date, Amato filed an "emergency motion for

a temporary restraining order and preliminary injunction ordering the immediate return of Plaintiff's cell phone, seized on April 27, 2026[,] by agents of Defendant City of Toledo at the Toledo Municipal Court" and enjoining enforcement of the trespass order.  (*Id.* at 1, 4).

## II.    DISCUSSION

The purpose of both a preliminary injunction and a temporary restraining order is to preserve the status quo until a trial on the merits or some other reasoned resolution of the dispute takes place.  *See, e.g.*, *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996).  The same standard generally applies to the issuance of preliminary injunctions and temporary restraining orders.  *Northeast Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).  To grant either form of injunctive relief, a court must consider: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent a stay; (3) whether granting the stay would cause substantial harm to others; and (4) whether the public interest would be served by granting the stay."  *Id.*  While these "are factors to be balanced, not prerequisites that must be met," *In re De Lorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985), "[t]he first factor is the most important." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (citation and quotation marks omitted).

"'[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994)).  "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Colvin*, 605 F.3d at 300 (quoting *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir.

1997)) (alterations by *Colvin*).  *See also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("A preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted.") (citing *De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945)). *Cf. Hendricks v. Hazzard*, No. 2:11-CV-399, 2013 WL 2635729, at *4 (S.D. Ohio June 12, 2013) ("A motion for a TRO or preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable."), *report and recommendation adopted,* No. 2:11-CV-399, 2013 WL 5944082 (S.D. Ohio Nov. 5, 2013) (citation and internal quotation marks omitted).

Amato is not entitled to a temporary restraining order or preliminary injunction because he "fails to establish a relationship between the injury claimed in . . . [his] motion and the conduct asserted in the complaint."  *Colvin*, 605 F.3d at 300 (citation and quotation marks omitted).  The alleged seizure of Amato's cell phone and the issuance of the trespass order occurred after the filing of the complaint and, therefore, they are not mentioned anywhere in that pleading.  Moreover, the individuals who allegedly took Amato's cell phone and barred him from the courthouse are not named as Defendants in this case.  As the Sixth Circuit has previously held, a plaintiff has "no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint."  *Id.*

The alleged fact that the cell phone contains "litigation files . . . [and] case strategy materials" related to this case does not change the outcome.  (Doc. No. 13 at 3).  Amato's motion seeks relief for an alleged harm that is distinct from the events underlying this litigation.  Therefore, I conclude he fails to meet his burden to show he is entitled to injunctive relief.

### III.    CONCLUSION

For the reasons stated above, I deny Plaintiff William J. Amato's motion for a temporary restraining order and preliminary injunction.  (Doc. No. 13).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge