UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William J. Amato,                                                  Case No.  3:26-cv-0813

        Plaintiff,

    v.                                                                  MEMORANDUM OPINION
                                              AND ORDER

City of Toledo, et al.,

        Defendants.

## I.      INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff William J. Amato alleges that he is a founding member of an organization that collects video from various locations to post on social media for the purported purpose of exposing civil rights violations.  (*See* Doc. Nos. 1 and 18).  At issue in this case are his videotaping activities inside the Toledo Municipal Courthouse.

Toledo Municipal Court Local Rule 6(F)(1) prohibits "[t]he operation of any cellular or portable telephone, camera (still or video), pager, beeper, computer, radio, or other sound or image recording or transmission device . . . in the courthouse without the express permission of the court." *See* https://toledomunicipalcourt.org/court-rules/rule-6.  Pursuant to Rule 6(F)(3), an individual who violates this rule "is subject to sanctions for contempt and/or criminal prosecution and may be ejected from any restricted area described above or from the courthouse, and any item or device operated in violation of this rule may be confiscated by court staff or courthouse security personnel and held." *See id.*  Similarly, Toledo Municipal Court Rule 40(E) states:

> By court order, electronic recording devices, including but not limited to cell phones, cameras, computers, and tablets, are strictly prohibited from being used to capture

audio and/or video recording within any area of the courthouse.  Violation of this court order may result in sanctions for contempt of court and/or criminal prosecution, immediate ejection from the courthouse, and/or confiscation of the recording device.  Neither the court nor courthouse security personnel shall bear liability for any damage to devices confiscated and held pursuant to this court order.

*See* https://toledomunicipalcourt.org/court-rules/rule-40.

Plaintiff is aware of these rules and acknowledges that the ban on videorecording is posted in the courthouse.  He believes, however, that he has a right to videotape within the courthouse and has continued his recording activities despite numerous warnings.  On February 26, 2026, Toledo Municipal Court Judge Joshua Lanzinger charged him with contempt of court after he was once again videotaping in the courthouse.  He is awaiting a hearing on that charge.

In response to the contempt charge, Plaintiff filed suit against the City of Toledo, Judge Lanzinger, Toledo Municipal Court Clerk Vallie Bowman-English, and "unknown court security officers, bailiffs, deputies, clerks, administrative, and prosecutorial participants."  (Doc. No. 1 at 2-3).  Plaintiff seeks a declaration that the Defendants were violating his constitutional rights by prosecuting him for contempt.  He also seeks an order requiring the Defendants to allow him to continue his videotaping activities, as well as $1.5 million in damages.  (*Id.* at 9-10).  Upon filing this action, he filed an Affidavit of Disqualification in the Supreme Court of Ohio claiming that Judge Lanzinger could not preside over his contempt charges because Judge Lanzinger is now a Defendant in this federal lawsuit.

Undeterred by the pending contempt charge, Plaintiff again returned to the Toledo Municipal Courthouse and resumed his videotaping activities, which included among other things, videotaping the sign that informed visitors that videotaping in the courthouse is prohibited.  On this occasion, Plaintiff's cellular device was confiscated, and he was required to leave the building.

Plaintiff then filed an "Emergency Motion for temporary restraining order and Motion for preliminary injunction" seeking return of his cellular phone and an Order prohibiting the Municipal

2

Court from enforcing its rules.  (Doc. No. 13).  I denied that motion because it concerned matters not raised in the Complaint.  (Doc. No. 14).

Plaintiff subsequently filed an Amended Complaint which focuses on his return visit to the Toledo Municipal Court and the confiscation of his cell phone.  (Doc. No. 18).  In addition to the City of Toledo, Judge Lanzinger, and Court Clerk Bowman-English, Plaintiff added Toledo Municipal Court Chief Deputy Clerk Alex Huguelet, Toledo Municipal Court Security Supervisor Terry James, Toledo Municipal Court Security Officer Shelly Kilburn, Toledo Municipal Court Security Supervisor Sergeant Mick First, Toledo Municipal Court Administrator Kevin Alore, and Toledo Municipal Court Employee Lisa Fagliano as Defendants.  He asserts claims for violation of his First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, as well as conspiracy claims under 42 U.S.C. § 1985.  In addition to compensatory and punitive damages and injunctive relief, Plaintiff seeks an order requiring the state court to return his cellular telephone.  Plaintiff also filed a renewed emergency motion for the return of his phone.  (Doc. No. 20).

## II.    STANDARD

Courts are required to construe a *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Pursuant to *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the case.  *Id.* at 480.  *See also Doscher v. Menifee Cir. Ct.*, 75 F. App'x 996 (6th Cir. 2003).

## III.    ANALYSIS

As an initial matter, I do not have the legal authority to intervene in a pending state court action, compel a state court judge to rule in a particular way, remove a state court judge from a state

3

court case, or make a legal determination of issues that are central to pending state court matters. *See Woods v. Weaver*, 13 F. App'x 304, 306 (6th Cir. 2001) (citing cases).  *See also Seyka v. Corrigan*, 46 F. App'x 260, 261 (6th Cir. 2002).  Federal district courts are not appellate courts over the state court system and have no general power to compel certain actions in state court.  Rather, "[f]ederal courts are courts of limited jurisdiction," and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  *See also Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").

Moreover, a federal court must abstain from exercising jurisdiction over a claim when ruling on the claim would interfere with ongoing state proceedings.  The comity-based abstention doctrine developed by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), prevents federal courts from interfering in pending state-court criminal proceedings, even if there are allegations of constitutional violations, unless there is an extraordinary circumstance "where the danger of irreparable loss is both great and immediate."  *Id.* at 45 (citation and quotation marks omitted).  The *Younger* abstention doctrine reflects the strong federal policy against federal interference with state judicial proceedings and promotes the presumption that state courts are equally competent at safeguarding federal constitutional rights.  *Id.  Younger* abstention is not a matter of a court's jurisdiction but is based on "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986).  A court may raise the *Younger* doctrine *sua sponte.  O'Neill v. Coughlan*, 511 F.3d 638, 641-42 (6th Cir. 2008).

When a person is involved an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.  *See Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988).  If a state defendant files such a case, *Younger* requires the federal court to defer to the

state proceeding.  *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions.  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature if federal court intervention "unduly interferes with the legitimate activities of the state."  *Younger*, 401 U.S. at 44.

The enforcement of a court's contempt powers is a paramount state interest.  *Juidice v. Vail*, 430 U.S. 327, 335-36 (1977).  In that case, the Supreme Court of the United States held:

> A State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, so long as that system itself affords the opportunity to pursue federal claims within it, is surely an important interest.  Perhaps it is not quite as important as is the State's interest in the enforcement of its criminal laws, *Younger*, *supra*, or even its interest in the maintenance of a quasi-criminal proceeding such as was involved in [*Huffman v. Pursue Ltd.,* 420 U.S. 592, 611 (1975)].  But we think it is of sufficiently great import to require application of the principles of those cases.  The contempt power lies at the core of the administration of a State's judicial system, *cf. Ketchum v. Edwards*, 153 N.Y. 534, 539, 47 N.E. 918, 920 (1897).  Whether disobedience of a court-sanctioned subpoena, and the resulting process leading to a finding of contempt of court, is labeled civil, quasi-criminal, or criminal in nature, we think the salient fact is that federal-court interference with the State's contempt process is "an offense to the State's interest . . . likely to be every bit as great as it would be were this a criminal proceeding." *Huffman*, *supra*, 420 U.S. at 604, 95 S.Ct. at 1208.  Moreover, such interference with the contempt process not only "unduly interfere[s] with the legitimate activities of the [State]," *Younger*, *supra*, 401 U.S., at 44, 91 S.Ct., at 750, but also "can readily be interpreted 'as reflecting negatively upon the state courts' ability to enforce constitutional principles.'" *Huffman*, *supra*, 420 U.S., at 604, 95 S.Ct., at 1208.

*Id.* (second and third alterations in *Juidice*) (footnotes omitted).

The on-going contempt proceedings concern the state court's ability to enforce rules that affect the security of the courthouse and the privacy of its visitors.  Both are of paramount state interest.

*Younger* also requires that a plaintiff have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is "whether the state proceedings afford an adequate *opportunity* to raise the constitutional claims." *Moore v. Sims*, 442 U.S. 415, 430 (1979) (emphasis added). The plaintiff bears the burden to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14.

I conclude the *Younger* doctrine requires that this Court abstain from hearing this case because the relief Plaintiff seeks would impermissibly interfere with ongoing state court proceedings. Plaintiff filed this action naming Judge Lanzinger as a Defendant after Judge Lanzinger initiated the contempt proceedings. He then claimed that because Judge Lanzinger is a Defendant in this case, he cannot preside over the contempt charge. Plaintiff filed an Affidavit of Disqualification in the Supreme Court of Ohio seeking to remove Judge Lanzinger from his state-court case, and he seeks an order in this case requiring the state courts to transfer his case to another judge. Granting the relief Plaintiff seeks would usurp not only the authority of the Toledo Municipal Court to decide matters pending before it, but it also would interfere with the authority of the Supreme Court of Ohio to determine if Judge Lanzinger should continue to exercise jurisdiction over the contempt proceedings.

Further, Plaintiff seeks a declaration that Rule 6 is unconstitutional and that he entitled to create video recordings in the Toledo Municipal Court and obtain damages because of Defendants' enforcement of the Rule. This issue is central to the contempt charges pending against him, and he has not "unambiguous[ly]" shown that he is unable to raise his constitutional claims in the contempt proceedings. *Pennzoil Co.*, 481 U.S. at 15. Plaintiff's suggestion that he will not have an "adequate or neutral forum for adjudication of [his] federal constitutional claims" because Judge Lanzinger is a Defendant in this case is not sufficient to show he does not have "an adequate opportunity" to

6

assert those claims.  *Moore*, 442 U.S. at 430.  I conclude I cannot entertain any of Plaintiff's claims without unduly interfering with the state court's authority to decide matters pending before it.

Plaintiff also argues that, even if I determine the *Younger* requirements are met, I should conclude that the doctrine does not apply.  (Doc. No. 18 at 27).

It is true that extraordinary circumstances such as "'bad faith, harassment, or flagrant unconstitutionality'" may render abstention inappropriate.  *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 335 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)) (further citation and quotation marks omitted).  But courts have interpreted these exceptions narrowly.  *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).  A plaintiff bears the burden of demonstrating a *Younger* exception applies.  *Squire*, 469 F.3d at 557.

Plaintiff first contends *Younger* only applies if he is the plaintiff or petitioner in both the federal and the state case.  (Doc. No. 18 at 27).  But this is legally incorrect.  In fact, the opposite principle holds true – the *Younger* doctrine only applies if the plaintiff in the federal case is the defendant in the state court case.  *See Watts*, 854 F.2d at 844-48.  This argument fails.

Second, Plaintiff asserts that *Younger* does not apply if the state court proceedings were initiated in bad faith or for purposes of harassment.  (Doc. No. 18 at 27) (citing *Huffman v. Pursue Ltd.,* 420 U.S. 592, 611 (1975) and *Perez v. Ledesma*, 401 U.S. 82 (1971)).  He alleges that the contempt proceeding was initiated in bad faith because it was brought due to a "false report" and the citation was mailed originally to the wrong address.  (Doc. No. 18 at 27).

Plaintiff asserts the report was "false" because the report stated that Plaintiff and another individual, Marquis Kimble, were "simultaneously recording" when Plaintiff alleges they actually were recording at separate times.  (*Id.* at 9).  But whether Plaintiff and Kimble were recording at the same time is not material to the contempt charge against Plaintiff.  Rule 6(F)(1) prohibits video recording in the Toledo Municipal Court.  Plaintiff admits that he knew of the Rule on the date he

was recording, and that he chose to continue recording.  (*Id.* at 8-9).  Moreover, although the hearing notice was sent to the wrong address, the error was corrected, and a new hearing was set.  Plaintiff's conclusory allegation that the contempt charge was brought in "bad faith and [for] harassment" is not persuasive.  (*Id.* at 27).

## IV.  CONCLUSION

Having considered and examined Plaintiff William J. Amato's pleadings to determine their legal viability, I conclude this Court must abstain from addressing the merits of any of Plaintiff's claims.  Plaintiff's claims seeking declaratory or injunctive relief are dismissed.  With respect to his claims for damages, all proceedings in this case are stayed pending the conclusion of the contempt proceedings in the Toledo Municipal Court as well as all appeals of the judgment in that case.  This case is administratively closed, subject to reopening upon a written motion to reopen filed by Plaintiff demonstrating that the Toledo Municipal Court contempt case and all appeals associated with that case have been resolved or concluded.  Further, I deny Plaintiff's renewed motion for the return of his property.  (Doc. No. 20).

No claims or defenses in this case are waived as a result of the stay.  All other pending motions are denied without prejudice for potential refiling in the event the case is reopened. Because this case is stayed, from this point forward, the only filing that may be made is a motion to reopen that demonstrates that the state court contempt charges have been resolved with either dismissal of the charges or a conviction.  No other filings may be made, and I direct the Clerk of Court to return any documents submitted for filing other than a motion to reopen.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

8